UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK KARONY, an individual, | Case No.: 2:10-cv-00804-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#12) |
| DOLLAR LOAN CENTER, LLC, a Nevada limited liability company; CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada limited liability company, DOES I-V, inclusive; and ROE ENTITIES VI-X, inclusive, | |
| Defendants. | |

Before the Court is Defendants Dollar Loan Center, LLC ("Dollar Loan") and Clark County Collection Service, LLC's ("Clark County Collections") (collectively "Defendants") **Motion to Dismiss, Or, Alternatively, For Summary Judgment** (#12), filed July 2, 2010. The Court has also considered Plaintiff Frederick Karony's ("Karony") Opposition (#13), filed July 15, 2010, and Defendants' Reply (#14), filed July 26, 2010.

## BACKGROUND

This dispute arises out of Karony's claim that Defendants engaged in various debt collection and credit reporting activities in violation of both federal and state law. Karony alleges the following facts in support of his claims. In April 2007, Karony's wife, Michelle Karony (a

1

non-party), entered into a promissory note (the "Debt") with Dollar Loan.  This is the debt at issue in this case.  In July 2008, after Karony's wife defaulted on the Debt, Dollar Loan hired Clark County Collections for collections services, which included reporting the Debt against Karony's credit score to the three credit bureaus—TransUnion, Experian, and Equifax.  Later that year Karony disputed the debt with all three credit bureaus.  By April 2009, both TransUnion and Experian removed the Debt from Karony's credit report.  In addition to their reporting activities, in July 2008, Clark County Collections also filed a lawsuit in the Justice Court of the Las Vegas Township (the "Underlying Lawsuit"), naming both Karony and his wife as defendants.  Karony challenged this lawsuit on the basis that he was not personally responsible for the Debt because he had not signed the promissory note.  In August 2009, the Justice Court dismissed Karony from that lawsuit.  Despite Karony's repeated requests and his dismissal from the Underlying Lawsuit, Clark County Collections continues to verify the Debt to Equifax, resulting in a drop in Karony's credit score.

On May 27, 2010, Karony commenced this action asserting seven causes of action, including: (1) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (3) defamation; (4) professional negligence; (5) intentional infliction of emotional distress; (6) abuse of process; and (7) negligence per se.  On July 2, Defendants filed this motion requesting the Court to dismiss most of Karony's claims.  For the reasons discussed below, the Court grants the motion in part and denies it in part.

**DISCUSSION**

**I.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, it demands "more than labels

2

1  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,
2  129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual
3  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus,
4  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim
5  to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

6        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
7  apply when considering motions to dismiss. First, a district court must accept as true all well-pled
8  factual allegations in the complaint; however, legal conclusions are not entitled to the assumption
9  of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by
10 conclusory statements, also do not suffice. *Id*. at 1949. Second, a district court must consider
11 whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A
12 claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw
13 a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where
14 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
15 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
16 quotation marks omitted). When the claims in a complaint have not crossed the line from
17 conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

18 **II.   Defendants' Motion to Dismiss**

19     **A.   FDCPA and FCRA Claims Against Dollar Loan Center**

20       The Court dismisses the FDCPA and FCRA claims against Defendant Dollar Loan
21 because Karony fails to allege facts that would allow this Court to reasonably infer that Dollar
22 Loan is liable for misconduct under those statutes. Dollar Loan is not liable for the alleged
23 FDCPA violations because it is not a "debt collector" within the meaning of 15 U.S.C. § 1692a(6),
24 and the FDCPA only prohibits conduct by "debt collectors." *See* 15 U.S.C. §§ 1692d, 1692e,
25 1692f, 1692g, and 1692i. Similarly, Dollar Loan is not liable for the alleged FCRA violations
26 because it is not a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2, which

AO 72
(Rev. 8/82)

establishes duties for "furnishers of information." Accordingly, the Court dismisses the FDCPA and FCRA claims against Dollar Loan.

### B.    FDCPA and FCRA Statutes of Limitations

Actions to enforce liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Likewise, an action to enforce liability under the FCRA must be within two years "after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p. In this case, Karony filed his complaint on May 27, 2010. Because the alleged FDCPA and FCRA violations have occurred since approximately July 2008, only those violations occurring after May 2009 and May 2008, respectively, are actionable. Accordingly, the Court dismisses all alleged FDCPA and FCRA violations occurring before May 2009 and May 2008, respectively.

### C.    Validity of FDCPA Claims

Defendants argue that Karony fails to state a valid claim under the FDCPA. Because Karony asserts violations of several FDCPA provisions, the Court will address each provision separately to determine the validity of each claim.

#### 1.    Section 1692d

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Karony alleges that Defendants engaged in a "campaign of abusive, unfair, unreasonable, and unlawful debt collection activity" by continuously pursuing him for a debt that he claims he is not responsible for. Defendants argue that the debt at issue is a community debt and, therefore, they have a right to pursue both Karony and his wife for collection of that debt. However, this argument assumes that the debt in question is in fact a community liability. But that is a factual issue that the trier of fact has not resolved. This is important because if the debt is a separate liability Defendants have failed to furnish any controlling law showing that, under those circumstances, they have a right to pursue Karony in satisfaction of the Debt. Therefore, accepting

4

Karony's allegations as true, the Court finds that Karony has stated a valid claim for relief under § 1692d.

### 2. Section 1692e

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Karony alleges that Defendants reported false information to the credit bureaus and failed to inform the credit bureaus that the debt was disputed. Accepting these allegations as true, the Court finds that Karony has stated a valid claim for relief under § 1692e.

### 3. Section 1692f

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Karony alleges that Defendants used unfair and unreasonable means of collecting the Debt by attempting to collect it from him through persistent and indiscriminate litigation and credit reporting tactics. Again, Defendants argue that the Debt is a community debt and, therefore, they have a right to pursue both Karony and his wife for collection of that debt. However, as discussed above, the Court is not convinced by this argument. Therefore, accepting Karony's allegations as true, the Court finds that he has stated a valid claim for relief under § 1692f.

### 4. Section 1692g

Section 1692g establishes a debtor's right to dispute a debt and obtain verification thereof. Specifically, subsection (a) requires a debt collector to notify the debtor of the amount of the alleged debt, the name of the creditor, and the debtor's right to dispute the debt, in writing, within thirty days of the notification. 15 U.S.C. § 1692g(a). If a debtor disputes the alleged debt, subsection (b) requires the debt collector to cease collection activities until the debt is verified and that verification is sent to the debtor. 15 U.S.C. § 1692g(b). Karony alleges no facts indicating that Defendants failed to timely send him proper notification of the debt pursuant to subsection (a).

/

AO 72
(Rev. 8/82)

Karony also fails to allege that he disputed the debt in writing within thirty days of said notification, thereby triggering Defendants' responsibility to verify the debt pursuant to subsection (b). Therefore, Karony fails to allege any facts that would allow the Court to reasonably infer that Defendants are liable for misconduct under § 1692g. Accordingly, the Court dismisses this claim.

### 5.  Section 1692i

"Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district . . . in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(B). Defendants commenced the Underlying Lawsuit in the Justice Court of the Las Vegas Township and Karony resides in Las Vegas. Thus, Defendants complied with § 1692i by suing Karony in Las Vegas—regardless of whether that suit was improper under other FDCPA provisions. Therefore, Karony fails to allege how Defendants violated this statute. Accordingly, the Court dismisses this claim.

## D.  Validity of FCRA Claim—15 U.S.C. § 1681s-2

Section 1681s-2 imposes several duties on "furnishers of information." A "furnisher of information" is a person who provides information to credit reporting agencies. 15 U.S.C. § 1681s-2. Because the complaint is not specific as to which duties the Defendants allegedly violated, the Court will analyze only those duties which it can logically imply based on Karony's factual allegations.

### 1.  Duty to Provide Accurate Information

Under § 1681s-2(a)(1)(A), a furnisher must not provide any information to a credit reporting agency if the furnisher "knows or has reasonable cause to believe that the information is inaccurate." A furnisher has "reasonable cause to believe that the information is inaccurate" if the furnisher has "specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." *Id.* at § 1681s-2(a)(1)(D). Karony alleges that Defendants reported the Debt to the credit reporting agencies despite knowing that Karony was dismissed from the Underlying Lawsuit and that

1  Karony did not personally sign the promissory note or agree to be responsible for the Debt in
2  anyway.  Accepting these allegations as true, it is reasonable to believe that reasonable doubts
3  could arise as to the accuracy of reporting the Debt against Karony.  Accordingly, the Court finds
4  that Karony has alleged sufficient facts to state a claim under § 1681s-2(a)(1)(A).

5          **2.**        **Duty to Provide Notice of Dispute**

6          Under § 1861s-2(a)(3), a furnisher must inform a credit reporting agency that a
7  consumer is disputing a reported debt.  Karony alleges that despite having knowledge that he
8  disputed the Debt, Defendants continued to verify the Debt to the credit reporting agencies.
9  Accepting these allegations as true, the Court may reasonably infer that Defendants are liable for
10 violating this duty.  Accordingly, the Court finds that Karony has stated a valid claim under §
11 1681s-2(a)(3).

12     **E.**        **FCRA Preemption of Karony's Defamation Claim**

13         The FCRA provides, "[n]o requirement or prohibition may be imposed under the
14 laws of any State . . . with respect to any subject matter regulated under 15 U.S.C. § 1681s-2,
15 relating to the responsibilities of persons who furnish information to consumer reporting agencies
16 . . . ." 15 U.S.C. § 1681t(b)(1)(F).  As discussed above, § 1681s-2 imposes several responsibilities
17 upon a furnisher of information.  These include reporting accurate information to credit agencies
18 and informing credit agencies when a consumer disputes a debt.  In this case, Karony asserts
19 several common law claims against Defendants.  To the extent the common law claims relate to
20 Defendants' responsibilities under § 1681s-2, they are preempted.  Because Karony's defamation
21 claim is based upon Defendants' responsibilities under § 1681s-2 the Court finds that it is
22 preempted and, therefore, must be dismissed.

23     **F.**        **Validity of Karony's Remaining Common Law Claims**

24         Defendants challenge all but one of Karony's remaining common law claims,
25 arguing that they are substantively without merit.  The Court will address each of the challenged
26 claims individually.

### 1.     Professional Negligence

Under Nevada law, to establish a claim for professional negligence the plaintiff must show that the defendant owed a duty of care to the plaintiff, among other things. *Morgano v. Smith*, 879 P.2d 735, 738 n. 2 (Nev. 1994). "It is the contractual relationship between the professional and its client that creates a duty of care upon the professional." *In re AgriBioTech, Inc.*, 319 B.R. 216, 222 (D. Nev. 2004) (citing *Warmbrodt v. Blanchard*, 692 P.2d 1282, 1285 (Nev. 1984)). The basis for Karony's professional negligence claim is that Defendants engaged in malicious debt collection conduct. However, Karony does not allege that he had a professional, contractual relationship with Defendants. As such, Defendants do not owe Karony a duty of care. Accordingly, the Court dismisses this claim.

### 2.     Abuse of Process

Under Nevada law, to establish a claim for abuse of process the plaintiff must show: (1) defendant had an ulterior purpose other than resolving a legal dispute; and (2) defendant's willful act in using the process was not proper in the regular conduct of the proceeding. *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). With respect to the second element, the mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim. *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985). Instead, claimants must include some allegation of abusive measures taken *after* the filing of the complaint in order to state a claim. *Id.* Although Karony alleges an ulterior purpose to the Underlying Lawsuit, he alleges no facts occurring subsequent to the filing of the Underlying Lawsuit in support of the second element to this claim. Accordingly, Karony alleges insufficient facts to support a claim for abuse of process. Therefore, the Court dismisses this claim.

### 3.     Negligence Per Se

The elements of negligence per se in Nevada are: (1) the existence of a duty of care on the part of the defendant; (2) breach of that duty; (3) causation; and (4) damages. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1282 (Nev. 2009). "A civil statute's

violation establishes the duty and breach elements of negligence when the injured party is in the class of person whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." *Id.* at 1283. Karony alleges that Defendants violated the "Nevada Revised Statutes" by pursuing him for a debt that he claims is not his. However, Karony fails to allege on the face of his complaint which NRS provision was violated. Accordingly, the Court finds that this claim fails as a matter of law and, therefore, dismisses the claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is GRANTED in part and DENIED in part, as follows:

- GRANTED as to all FDCPA and FCRA claims asserted against Defendant Dollar Loan Center, LLC.
- GRANTED as to all alleged FDCPA and FCRA violations occurring before May 2009 and May 2008, respectively.
- GRANTED as to Karony's common law claims for defamation, professional negligence, abuse of process and negligence per se.
- DENIED as to Karony's claims under 15 U.S.C. §§ 1681s-2(a)(1)(A), 1681s-2(a)(3), 1692d, 1692e, and 1692f.

Dated: December 13, 2010

_____
**ROGER L. HUNT**
Chief United States District Judge

9